**B. D. PHILLIPS, Inc., v. COMMISSIONER OF INTERNAL REVENUE (two cases). B. D. PHILLIPS v. SAME (two cases). Nos. 8165–8168.**

Circuit Court of Appeals, Third Circuit.

Argued Dec. 22, 1942.
Decided Feb. 17, 1943.

74

William Wallace Booth, of Pittsburgh, Pa. (Rolland L. Ehrman, and John L. Wilson, both of Butler, Pa., W. A. Seifert, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for petitioner.

William A. Clineburg, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal involves personal holding company surtaxes for the years 1937 and 1938. The petitioners are B. D. Phillips, Incorporated, a Delaware corporation, and B. D. Phillips, its sole shareholder. The latter, it has been stipulated, is liable as the transferee of the entire assets of the corporation for any deficiencies in taxes determined to be due from the corporation for the years in question. The issue presented is whether certain payments made by the corporate taxpayer in the years 1937 and 1938 were deductible as amounts used to discharge a pre-1934 indebtedness. The Commissioner did not allow these deductions and was sustained in this action by the Board of Tax Appeals, now the Tax Court of the United States.

The Revenue Acts of 1936 and 1938 allow, in the computation of the undistributed net income of a personal holding company subject to surtax, a deduction for "Amounts used or irrevocably set aside to pay or to retire indebtedness of any kind incurred prior to January 1, 1934, * * *."[1]

In Commissioner of Internal Revenue v. Sun Pipe Line Co., Cir., 1942, 126 F.2d 888,[2] this Court held that, as used in the statute, "indebtedness" referred merely to an amount owing both prior to and after the date specified; the fact that the identity of the obligees of that indebtedness may have changed was considered to be of no consequence. This construction was contrary to the one contained in the Treasury Regulations to the extent that the latter required continuity of identity between the persons in the debtor-creditor relation.[3] The Commissioner in his argument has, in the conciliatory language of reconsideration, at least tacitly asked that the Sun Pipe Line Co., decision be

[1] Section 355(b) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, p. 941, as amended by § 1 of the Revenue Act of 1937, id. at p. 976. Section 405 (b) of the Revenue Act of 1938, id. at p. 1133.

[2] Decided in the same opinion was the companion case of Commissioner of Internal Revenue v. Piermont Corporation.

[3] Treas. Reg. 94, as amended by T.D. 4791, 1938-1 Cum. Bull., 83, 108, to accord with the Revenue Act of 1937, Art. 355-2; Treas. Reg. 101, Art. 405-2.

"In the case of renewal or other changes in the form of an indebtedness, *so long as the relationship of debtor and creditor continues between the taxpayer and his creditor*, the giving of a new promise to pay by the taxpayer will not have the effect of changing the date the indebtedness was incurred." (Italics added).

overruled. However, we are still convinced that the result there reached is sound and proper, although we think, as pointed out in the concurring opinion of Judge Jones, that some of the discussion concerning the effect to be given regulations was not necessary to the decision of the case, and do not wish to be bound by it.

The alternative argument of the Commissioner is that even if the Sun Pipe Line Co., decision be accepted, it does not control the instant factual situation. In the former, it is said, the transactions were simple and direct. The corporation borrowed from B to discharge a pre-1934 indebtedness owed A and was entitled to a deduction when it ultimately paid B. Here, without any charge of tax evasion even being hinted, the transactions are described as "unnecessarily" circuitous and indirect and it is urged that therein lies the difference. We have no way of knowing whether the various transactions which were conducted between the parties and which terminated with the payments for which credit is claimed were unnecessarily circuitous or not. It may be granted that they were involved. But the statute says nothing about circuity, of either necessary or unnecessary variety. By its terms, the only requirement a corporate taxpayer must meet to be allowed the deduction is to show that it used or irrevocably set aside funds to pay or retire a debt incurred prior to January 1, 1934. We think the taxpayer has shown this here.

The transactions leading to the claimed deduction are best presented in chronological order:

*1933.* Corporation owes (inter alia)
$259,821.80 to Shareholder Phillips
—book account
75,000.00 to A ⎫
25,000.00 to B ⎬ Promissory notes
25,000.00 to C ⎪
197,000.00 to E [4] ⎭

$581,821.80

*1934.* (1) Shareholder Phillips pays on behalf of Corporation's 1933 indebtedness
$ 75,000.00 to A
25,000.00 to B
25,000.00 to C
9,000.00 to E

$134,000.00
and personally assumes the balance payable to E from Corporation, $173,000.00,[5] resulting in Corporation owing Shareholder Phillips $566,821.80.

(2) Corporation borrows $200,000.00 from Bank.

(3) Corporation pays E, on account of Shareholder Phillips' note, held by E, the $200,000.00, thus received, debiting Shareholder's account.

(4) Corporation pays, to or on behalf of Shareholder Phillips $145,300.00, debiting his account.

Corporation owes Shareholder Phillips at close of year, $221,521.80,[6] and Bank $200,000.00, these sums representing part of the 1933 indebtedness.

*1935.* (1) Corporation makes payments to or on behalf of Shareholder Phillips, which reduce balance payable to him to $154,435.99.[7]

(2) Subsequently, in this same year, Corporation increases debt to Bank from $200,000.00 to $250,000.00.

(3) The $50,000.00 thus received, Corporation pays to Shareholder Phillips' creditors for personal obligations of the Shareholder, debiting the account of Shareholder Phillips.

At end of 1935, Corporation owes Shareholder Phillips $104,435.99 and Bank $250,000.00, these sums still representing part of 1933 indebtedness.

---

[4] Key: Corporation—B. D. Phillips, Incorporated
Shareholder—B. D. Phillips
E —T. W. Phillips Gas & Oil Co.
Bank —Guaranty Trust Company of New York.

[5] $15,000 had been paid on E.'s claim.
[6] There were additional credits of $38,000.00 but, as stipulated by the parties, they are not material here.
[7] Plus the $38,000.00 continued from 1934, but not material. See previous note.

*1936.* (1) Corporation pays balance due Shareholder Phillips in full.

    (2) Corporation makes payments to or on behalf of Shareholder Phillips so that he becomes indebted to Corporation in the amount of $30,882.33.

It is apparent that part of the 1933 indebtedness is now owing only to the Bank in the amount of $250,000.00.

*1937.* (1) The $250,000.00 owing the Bank is paid as follows:

      $ 19,000.00 by Corporation

      $ 25,000.00 by Shareholder Phillips

      $206,000.00 by E, for which Corporation executes its note

    (2) Subsequently, in this year, E is paid

      $44,000.00 by Corporation

      $33,000.00 by Shareholder Phillips

At the close of 1937, the Corporation thus owes E $129,000.00, representing a portion of the 1933 indebtedness.

*1938.* (1) Corporation pays E $53,000.00 on account of its 1937 advance to Bank for the Corporation.

The deductions claimed by the taxpayer and disallowed by the Commissioner are $121,000 ($19,000 and $25,000 paid by the Corporation and Shareholder Phillips to discharge the debt due the Bank and $44,000 and $33,000 paid by the Corporation and Shareholder Phillips toward the debt due E) for 1937 and $53,000 (paid by the Corporation toward the debt due E) for 1938.

We think that the facts recited clearly show that part of the debt which the corporation owed at the end of 1933 it still owed in the taxable years in question. The pre-1934 indebtedness is readily identified and traced through the succeeding years of that period. Obviously, at different times it was owing to different obligees, the shareholder, the bank, and E. But, as we held in the Sun Pipe Line Co., case, the personality of the creditor is non-determinative.

Likewise of no legal consequence is the argument that the debt was perpetuated by transactions more complicated than the simple payment on account by a debtor to a creditor. We see no difference, for the purposes at hand, between the shareholder lending money to the corporation to discharge its debts and the shareholder himself paying these debts and receiving a credit therefor on the corporation's books. Nor does it matter that the corporation used the $50,000 it received, when it increased its $200,000 loan at the bank, to pay the creditors of the shareholder. This still was a payment to a creditor, its shareholder, just as much as if the money had been paid directly to the shareholder.

The Commissioner has argued that if the taxpayer prevails, instead of the date of payment determining the date of the deduction, the date of the deduction will determine the date of payment. This presupposes that a taxpayer will be able to feign a continuing indebtedness by resorting to circuitous routes having artificial connecting links. But, no charge that petitioners are guilty of such a course of conduct is made or even suggested. They have met the requirements of the section providing for the deductions claimed and are therefore entitled to them.

The decisions of the Board of Tax Appeals are reversed.