## COMMISSIONER OF INTERNAL REVENUE v. GRANT TRADING CO., Inc.

### No. 160.

Circuit Court of Appeals, Second Circuit.

May 3, 1943.

Samuel O. Clark, Jr., Sewall Key, Samuel H. Levy, Arthur A. Armstrong and Irving Axelrod, all of Washington, D. C., for petitioner.

Alfred C. Bennett, of New York City, for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In the computation of undistributed personal holding company net income which is subject to surtax under the Revenue Act of 1938, a credit is allowed under § 405(b), 26 U.S.C.A. Int.Rev.Code, § 504(b), for "amounts used * * * to retire indebtedness * * * incurred prior to January 1, 1934 if such amounts are reasonable with reference to the size and terms of such indebtedness." Article 405-2 of Treasury Regulation 101 provides that indebtedness evidenced by notes or similar obligations must ordinarily be deemed to have been incurred on the date of the issuance of the obligations but that, in the case of renewal or other change in the form of an indebtedness, the giving of a new promise will not have the effect of changing the date of the debt's beginning "so long as the relationship of debtor and creditor continues between the taxpayer and his creditor."

The taxpayer is a personal holding company engaged in winding up its affairs. Before January 1, 1934, it had, on its note, borrowed money from the Bank of the United States and, on that date, it still owed $109,000 on this debt, secure by preferred stock of Phillips-Jones Corporation; after that date, it had reduced this indebtedness so that there was still remaining due thereon $21,005 in June, 1937. On that same date, it was indebted to Phillips-Jones Corporation in the amount of $32,400 of which indebtedness $5,500 was incurred before January 1, 1934; this indebtedness, evidenced by a note, also was secured by preferred stock of the Phillips-Jones Corporation. There was thus a total of $26,505 of taxpayer's indebtedness then owing in-

curred prior to January 1, 1934. On June 17, 1937, taxpayer borrowed $65,000 from the Public National Bank & Trust Company, securing this debt, evidenced by its note, with Phillips-Jones preferred stock; with the money thus borrowed the taxpayer paid all that it owed to the Bank of the United States and the Phillips-Jones Corporation, including the $26,505 of pre-1934 debts. During the remainder of 1937, taxpayer paid $10,640 of its debt to the Public National Bank & Trust Company. In 1938 taxpayer further reduced this debt by a payment of $19,360. From a finding of deficiency by the Commissioner for the taxable year 1938, taxpayer sought review by the Tax Court of the United States. That court held that the payments in 1937 to the Bank of the United States and the Phillips-Jones Corporation were not the payment or retirement of indebtedness incurred prior to January 1, 1934; that, of the amount borrowed from the Public National Bank & Trust Company in 1937, $26,505 still constituted indebtedness incurred before January 1, 1934; that the payment to the Public National Bank & Trust Company of $10,640 in 1937 must be regarded as reducing the pre-1934 debt to $15,865; and that the further payment of $19,360 made in 1938 to the Public National Bank & Trust Company should be considered as first applied upon, and made in payment of that pre-1934 debt; and that, therefore, the taxpayer properly took a credit in the taxable year 1938 in the amount of $15,685 as an amount used to retire indebtedness incurred prior to January 1, 1934.

■■ The case is here on the Commissioner's petition to review. He contends that the Treasury Regulation is controlling and that, accordingly, there was no pre-1934 debt in existence after 1937 when the taxpayer paid the debts owing to the Public National Bank & Trust Company and the Phillips-Jones Corporation. The Tax Court was correct. Having in mind the purpose of the statute, as shown by its legislative history, we agree with the opinion in Commissioner v. Sun Pipe Line Co., 3 Cir., 126 F.2d 888, with the modification suggested in the concurring opinion therein of Judge Jones and as reaffirmed in B. D. Phillips, Inc., v. Commissioner, 3 Cir., 134 F.2d 73, decided February 17, 1943. For the reasons stated in those opinions, the Treasury Regulation must be disregarded because it is completely at variance with the Congressional purpose and cannot be said to have been subsequently adopted by Congress.

Affirmed.